IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:96-CV-45-BO(1)

FILED
4-8-03
DAVID W. DANIEL, CLERK
DISTRICT COURT, EDNC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | AGREED FINAL ORDER |
| ) | IN GARNISHMENT |
| CARROLL RUDOLPH POPE and ) | AS TO |
| TERESA T. POPE, ) | TERESA T. POPE |
| ) | |
| Judgment Defendant, ) | |
| ) | |
| LOWE'S HOME CENTER INC., ) | |
| ) | |
| Garnishee Defendant. ) | |

The parties, the United States of America, the judgment defendant, and the garnishee defendant, agree and stipulate as follows:

1. The judgment defendant, Social Security Number, and address are: Teresa T. Pope, 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, P.O. Box 69, Woodland, NC 27897.

2. A Judgment was entered against the judgment defendant, in this action on October 16, 1996. The total balance due on the Judgment is $21,580.57, as of January 29, 2003.

3. The garnishee defendant, whose address is P.O. Box 1111, North Wilkesboro, NC 28656, has in its possession, custody or control property of the judgment defendant in the form of wages paid to the judgment defendant.

3 cyp to USA

14

4. The judgment defendant waives services of an application for a writ of continuing garnishment pursuant to Section 3205 of the Federal Debt Collection Procedures Act of 1990 (FDCPA), 28 U.S.C. § 3205, and further waives his/her right to a hearing under the section 3205 and any other process to which the judgment defendant may be entitled under the FDCPA.

5. The garnishee defendant waives service of an application for a writ of continuing garnishment pursuant to 28 U.S.C. § 3205 and further waives its right to answer and waives being heard in this matter and any other process to which the garnishee defendant may be entitled under the FDCPA.

6. The judgment defendant agrees and stipulates that his/her wages are subject to garnishment under 28 U.S.C. § 3205 and expressly agrees and stipulates that the entry of a Final Order in Garnishment is proper.

7. The parties therefore agree and stipulate to the entry of a Final Order in Garnishment against the non-exempt wages of the judgment defendant. It is expressly agreed and stipulated to by the parties that the garnishee defendant shall pay to the United States the total sum of $75.00 per month, which shall be withheld from the wages owed the judgment defendant. These payments shall begin on March 20, 2003 and continue each month until the debt is paid in full. In July, 2005, a re-evaluation of this debt shall be conducted and any necessary adjustments to this payment plan made.

8. These sums are to be applied upon the judgment rendered in this cause. These payments are to continue until the unpaid balance, plus accruing interest, is fully paid and satisfied.

Checks should be made payable to:

 U. S. DEPARTMENT OF JUSTICE

and mailed to:

 U. S. Attorneys Office
 Financial Litigation Unit
 310 New Bern Avenue
 Suite 800, Federal Building
 Raleigh, NC 27601-1461

9. Nothing in this agreement prevents the plaintiff from pursuing administrative offsets, including that by Internal Revenue Service, and the judgment defendant specifically consents to the offset. Any payments applied to this claim by the Internal Revenue Service as a result of tax return offsets will be credited as a payment to the existing balance and will not be included as part of the periodic payments, nor will it affect the periodic payments.

10. The judgment defendant can at any time, request an accounting of the funds garnished. However, the judgment defendant hereby knowingly waives any rights that he/she may have under 28 U.S.C. § 3205(c)(9) to any automatic accounting.

APPROVED AND SO ORDERED this _7_ day of _April_, 2003.

           _/s/ Terrence Boyle_
           United States District Judge

CONSENTED TO:

_____  DATE: 3/20/03
for BARBARA D. KOCHER
Assistant United States Attorney

_____  DATE: 2-3-03
Teresa T. Pope
Judgment Defendant

_____  DATE: 3/13/03
Lowe's Home Improvements.
Judgment Garnishee